## SUPREME COURT.

### CHARLES M. LYNDE vs. TEUNIS T. COWENHOVEN.

Upon the trial of a question of fact by the court, the prevailing party, on filing the decision of the judge, may enter his judgment *immediately*, under § 267 of the code. There is no *implied* stay of proceedings, ten days, to make a case, under § 268.

The party desiring to make a case, must get an order to stay; and when the case is made and settled, it can be annexed to the judgment roll, and thereby constitute a part thereof as required by § 281.

*General Term, Second District. Argued Nov.* 1489; *decided Jan.* 1850.—
Mr. Lott appeals from an order of Justice EDWARDS, setting aside plaintiff's judgment for irregularity, on the ground that the judgment was en-

tered up and roll filed within ten days after the decision of the justice to whom the question of fact was submitted for trial.

John A. Lott, *for plaintiff*.
J. E. Burrill, Jr., *for defendant*.

By the Court, Barculo, Justice.—We think the decision below is erroneous. We are unable to discover any irregularity in doing what is expressly authorized by the code. By section 267, the justice must file his decision with the clerk, and judgment upon the decision shall be entered accordingly. This clearly contemplates an immediate entry of judgment. The next section allows either party to make a case " within ten days after notice of the judgment." Judgment may, therefore, be entered before a case is made.

But it is said that the roll cannot be filed until after the time for making a case has expired, because the roll is to contain the case, (§ 281.) *It is* true that the section enumerates the case as one of the papers to be attached and filed, as constituting the judgment roll. But that section also requires this to be done " immediately after entering the judgment," which, of course, must ordinarily be before a case can be made. It seems to me that these sections give the prevailing party a clear right to have his judgment *entered up and roll filed immediately on the decision being made, unless his proceedings are stayed by an order for that purpose.* If a case is afterwards made, it must be attached to the roll when it is filed, and if the clerk should neglect to do it, the court will order it to be done. There is no hardship nor difficulty in this practice. If the case is made in good faith, the party can, ordinarily, obtain a stay of proceedings; and, if not, he ought not to have any. The prevailing party ought not to be delayed in collecting his judgments by any *implied stay of proceedings,* as must be the case, if the sections in question are construed to stay the judgment for ten days. The practice contended for by defendant's counsel, would lead to inconvenience, as it leaves it to the clerk to determine when the judgment is to be perfected. If the statute gives a stay of ten days to make a case, then, if a case is made and served within the ten days, it must operate as a further stay until it is settled. How is the clerk to know whether a case is made? And may he not irregularly file the judgment roll after the ten days?

The reasonable construction of the act gives the prevailing party his judgment on filing the decision, unless stayed by an order, leaving the party to make his case, and have it annexed to the roll.

We are happy to find that an eminent judge of the Superior Court of New York, entertains a similar view. In *Renouil* v. *Harris*, (2 Code Rep. 71,) Judge Oakley says, "the judgment is complete without the case, and where a case is made, it may, by order of the court, be annexed to the judgment record at any time."

The order appealed from must be reversed, with $10 costs.