By the Court. Robertson, J.
—The defendant Smithson has brought two appeals in this case, one from the judgment at special term entered on the verdict of the jury, and the other from an order denying a new trial on a motion made after such judgment was entered, on a case. The order refusing such new trial after judgment was clearly correct. By the practice as it stood before the adoption of the Code, the rule for judgment was conditional, .unless cause should be shown within four days after the verdict; the motion for a new trial was required to be made within that time, unless it was enlarged by an order of the court ; if judgment was once entered, no new trial could be allowed even on newly discovered evidence, Jackson v. Chace, (15 J. R. 354,) and this principle remained undisturbed until the time of the adoption of the Code; a judgment regularly entered could not be overleaped to get at a verdict, upon which it was founded. The 264th section of the Code,
’ subdivision one, requires the clerk of the court to enter the judgment in an action upon receiving the verdict, and in conformity therewith, when no different direction is given by the court, no other change is made in the practice ; such order of the special term must therefore be affirmed with costs. (5 Bosw. 73.)
The other appeal requires a more full examination of the proceedings on the trial to ascertain the justness of the complaint of a misdirection by the judge to the jury, in reference to the effect of a supposed conversation between one of the plaintiffs, and the defendant, Smithson.
The plaintiffs claim three-quarters rent of certain premises let by them to the defendants for a year from the 1st of May, 1857, at the annual rent of $400. The defendant Smithson, in his answer, setup byway of defense, that after having jointly, with his co-defendant Hayes, occupied as tenant at will, or at sufferance part of the premises-described in the complaint for three months from the 1st of May, 1857, and paid the rent due therefor, he, about the 1st of August, 1857, applied to the plaintiffs to hire the same premises for his own use exclusively for the residue *401 of the year, but they refused to let them to him, and informed him either that they were let or to be let to the oth„er defendant alone, whereupon, the defendant removed from the premises, and the plaintiffs took possession thereof. The answer also adds that the premises were afterwards occupied during the residue of the year by his co-defendant or the plaintiffs, or by both at different times. This defense, if it amounts to anything, is either a denial of the fact of any tenancy except one determinable by the will of the parties, or a surrender and acceptance; nothing is said in it of any estoppel.
On the trial of the issues of fact, the defendant, Smithson, testified to two different conversations with two different plaintiffs about the 1st of August, 185*7; the first ■with Joseph G. Gurney, upon his applying to hire the store for the rest of the year, when he was told it was let to his co-defendant; the second with Benjamin P. Gurney, who, on a similar application, told him the same thing, and being then informed by Smithson that he would take another place, said, go and take it; but Smithson refused to leave, unless he were released from the rent, which the plaintiff, Benjamin P., agreed to do, at the same time stating both that he had let, and would let the premises to the defendant Hayes; Smithson also added that, he took another place, and that no such conversation ever took place in the presence of any one but a Mr. Kay. Kay gave a different version of the conversation, in which he says the plaintiff only stated that Hayes had applied for the premises. Martin, another witness, swears he was present at the conversation, and gives it substantially as stated by Smithson. Benjamin P. Gurney being examined, denied that he ever told Smithson he would release him from the rent; said that he uniformly told both the defendants that the plaintiffs had rented the premises to both the defendants. Smithson admitted his memory to be bad, and in some matters, contradicted himself. The occurrence therefore of the conversation with either of the plaintiffs as testified by Smithson, may be fairly considered the subject of con *402 flicting evidence, and a proper matter for the jury to have passed upon; but the counsel for the defendant requested the judge presiding on the trial to instruct the jury, that if the defendant Smithson took another store in consequence of the conversation with Gurney testified to by him, the plaintiffs were estopped from claiming rent; and excepted .to the refusal of- the judge so to charge, which is the only exception before us. Such a request would be clearly unwarrantable as it assumes to be true, what was disputed, to-wit: the occurrence of the conversation; a party being confined in his requests to instruct a jury, to undisputed facts, or to a hypothetical statement of the case.; Doughty v. Hope, (3 Denio 594 ; S. C. 1 Comst. 79 ;) otherwise a judge might be called upon to instruct a jury, upon the effect of that which they might come to the conclusion never took place.
But taking for granted, that Smithson had a right to assume that the conversation took place as he stated it, he ■ was not entitled to the instruction prayed for. The point of his request was, that the taking of another store by the defendant in consequence of such supposed conversation, estopped the plaintiffs from claiming rent; now independently of the fact, that the answer does not set up such a defense, it nowhere appears that the plaintiffs had any interest in or derived any advantage from the defendants taking such store,, and it certainly was not a natural or necessary consequence of any part of the conversation; it was just as natural for him to have abandoned business altogether in consequence of such a conversation, and such an abandonment would have furnished as good a ground for raising an estoppel. If the estoppel had been claimed to have arisen from the abandonment of the premises in question by Smithson in consequence of the supposed conversation,. there would have been some foundation for it, but such an estoppel would have amounted to a surrender in another form. Putting it in the strongest light for the defendants, the plaintiffs declaration was -equivalent either to a proposal to -evict Smithson, *403 or take possession of the premises, or an admission that they had done so, for without that or his consent, they could not put his co-defendant in exclusive possession; his own acts and words were equivalent to a consent to such abandonment of the premises, provided he were released from rent; without which consent, he could not have been legally deprived of possession. He had not then been actually txirned out of possession. If he abandoned it, it was by his own voluntary act amounting to a surrender, as he does not claim any forfeiture of the rent by an actual eviction. The question of such a voluntary surrender by both defendants was fairly submitted by the presiding judge to the jury. His charge upon that point was as follows: that “if the plaintiffs did take back the premises from Smithson & Hayes by consent of both, and resumed the possession, or relet the" premises to Hayes alone, the original letting to Smithson & Hayes, and their liability, was terminated, and the defendant Smithson, was entitled to a verdict. • But if the plaintiffs never consented to receive lack the premises, nor let them to either of the defendants separately, and did not resume the possession, the defendant Smithson, was not released by their refusal to let to him alone, nor by voluntarily going away and leaving ,Hayes in the occupation.”
The jury upon that must be assumed to have found that the plaintiffs did not take back the premises by the consent of both defendants, and resume their possession or relet the premises to Hayes alone.
I do not see that any error was committed prejudicial to the defendant, and the judgment should therefore be affirmed with costs.
Ordered accordingly.