## NEW YORK SUPERIOR COURT.

### MARIA ANDERSON agt. PATRICK DICKIE.

After a judgment entered *absolutely,* a motion for a new trial on a case or exceptions cannot be heard at *special term.*

If the judgment is to be reviewed on appeal at general term on a case or exceptions, the appellant must procure an *order of the court* authorizing the case or exceptions to be annexed to and to form part of the *judgment roll.*

Until this is done, the respondent has a right to notice the cause for argument and put it on the calendar of the general term, *before the expiration of the time for filing the case or exceptions,* after settlement.

*Heard at General Term, June,* 1863, *before* ROBERTSON, WHITE and BARBOUR, *Justices ; decided December* 26, 1863.

THIS was a motion made by the defendant to strike this case from the general term calendar, on the ground that it was not properly on. The facts are fully stated in the opinion of the court.

IRA D. WARREN, *for plaintiff.*
A. BOARDMAN, *for defendant.*

ROBERTSON, Justice. This is a motion to strike the cause from the calendar of the general term, upon the ground that it was placed there, and notice of trial given, before the time for filing the case containing exceptions as settled had elapsed.

The case was resettled on the 20th of May, 1863 ; judgment had been entered on the verdict for the plaintiff, and the judgment roll filed on the 28th of February previous. The case was served on the 30th of March last, and also a notice of appeal from the judgment. Amendments were

proposed to such case on the 2d of April last. The case was originally settled on the 2d of May, and notice of argument served by the plaintiff for the present term on the 4th of May last. Notice of resettlement was given on the 9th of May last. After the 20th of May a new notice of argument was served by the plaintiff, and also a notice that he would receive his copies of the case as late as the 29th of May last. Such notices of argument never were returned; no order ever was obtained allowing the judgment to be entered to stand as security; consequently it was absolutely entered, no motion having been made for a new trial at special term on a case or exceptions.

The Code requires (§ 265) that all motions for a new trial on a case or exceptions must be heard in the first instance at special term, except when exceptions are directed to be heard in the first instance at general term. Rule 33 of the courts of this state also requires motions for a new trial to be made in the first instance at special term; otherwise both parties must be deemed to have acquiesced in the decision of the judge or referee, and the verdict of the jury, or the report of the referee upon questions of fact. Section 281 of the Code provides that exceptions or a case are to constitute part of the judgment roll. General rule 37 provides that a case or exceptions shall be filed by the party making them within ten days after their settlement. After a judgment entered absolutely, a motion for a new trial upon a case or exceptions cannot be heard at special term. There is no general provision by law that a case or exceptions, when filed after filing the judgment roll, may be annexed as a matter of course to the judgment roll for the purpose of review. It must in such case be done by special order. (*Lynde* agt. *Cowenhoven*, 4 *How. R.* 327; *S. C.* 3 *Code R.* 7; *Renouil* agt. *Harris*, 7 *How. R.* 273; *S. C.* 2 *Sandf. R.* 64; 1 *Code R.* 226; *Church* agt. *Rhodes*, 6 *How. R.* 285.) No such order seems to have been obtained in this case. A case or exceptions cannot

therefore form part of the papers on an appeal, unless filed before the judgment roll; a motion upon them for a new trial has been made and denied, or they are ordered by the court to be inserted in the judgment roll; nor can exceptions taken to the decision of the court on a trial without a jury, or the report of a referee, unless taken after it is made, which must necessarily succeed the giving of judgment.

The judgment in this case was entered absolutely, and no motion for a new trial could therefore be made at special term on a case. If the judgment at special term be allowed to be reviewed, it can only be on a case or exceptions inserted in the record, for which insertion no order has been obtained. Without such order the defendant could only have the judgment reversed for errors appearing in the judgment roll as it stands (*Hunt* agt. *Bloomer*, 3 *Kern. R.* 341; *S. C.* 12 *How.* 567), without either case or exceptions. The plaintiff had a right to assume that it was not necessary for him, in order to be entitled to notice his cause for argument, to wait the filing of a case or exceptions which could not be used on the argument unless an order was obtained inserting it or them in the judgment roll. If such order had been obtained, the defendant had a right to his ten days to prepare and file the case to be served, and the plaintiff's remedy for an omission would be under rule 37; not having obtained it, the plaintiff was entitled to assume the defendant did not intend to do so, and to notice his case for argument. When the case may be brought on for hearing, it may be a good cause for postponing it, in case such order be obtained, that being entitled to ten days to prepare the case or exceptions, such time did not expire soon enough to enable the defendant to have the eight days of the notice of argument in which to prepare for the argument of the case.

As the case at present stands, I think the motion should be denied, with seven dollars costs to the plaintiff to abide the event of the appeal.