Cole agt. Mahoney.

---

## N. Y. COMMON PLEAS.

CHESTER S. COLE, as captain of the port of New York, agt. MICHAEL MAHONEY.

*Harbor-masters — their power as to removal of vessels — when person liable for penalty for disobedience of order of harbor-master.*

The act of 1862 (*chap.* 487) in regard to the harbor-masters is general in its character, and is not limited to cases where other vesssels require to be immediately accommodated in receiving or discharging cargoes.

They have power to act summarily, and their duty in this respect may be considered a necessary police regulation. The statute contemplates prompt and decisive action.

*General Term, May,* 1884.

*Before* LARREMORE, *P. J.,* J. F. DALY *and* VAN HOESEN, *JJ.*

APPEAL from an order of the general term of the city court affirming a judgment entered upon a verdict at trial term.

On May 8, 1882, the canal boat Emma was lying at a certain bulkhead in the port of New York, in charge of the defendant Mahoney. On that day one of the harbor-masters of said port ordered Mahoney to remove the boat from the place at which she was stationed. He refused and neglected to obey said order. The plaintiff then brought this action, setting up in his complaint the facts above stated; that the defendant thereby became liable to him in the sum of fifty dollars, according to the provisions of the laws of the state of New York in such case made and provided. The defendant, by his answer, admitted that the boat was in his charge at the time and place above stated, and that he was then discharging his cargo therefrom by authority of one of the harbor-masters of said port.

Issue was joined upon the pleadings and a trial had, which resulted in a verdict in favor of the plaintiff, from which appeal is taken.

*Hyland & Zabriskie,* for appellant.

*Goodrich Deady & Platt,* for respondent.

LARREMORE, *J.*— At the commencement of the trial the defendant moved to dismiss the complaint "as not stating facts sufficient to constitute a cause of action," and upon the further ground that the statute under which it was brought was not properly pleaded. The motion was denied and the defendant excepted. In this there was no error, for the court was bound to take judicial notice of chapter 487 of the Laws of 1862.

The judge submitted the question of fact to the jury whether or not the plaintiff, showed or exhibited to the defendant a copy of the law above referred to, as required by the fifteenth section thereof, and to the charge upon such submission no exception was taken.

The main contention at the trial and upon this appeal relates to the construction to be given to section seven of the act above mentioned. Section seven provides that "each harbor-master shall have power within the district assigned to him, to provide and assign suitable accommodations for all ships and vessels and regulate them in the stations they are to occupy at the wharves or in the stream, and to remove from time to time such vessels as are not employed in receiving or discharging their cargoes, to make room for such others as require to be immediately accommodated for the purpose of receiving or discharging their cargoes, and shall have power to determine as to the fact of their being fairly and in good faith employed in receiving or discharging their cargoes, and shall have the authority to determine how far and in what instance it is the duty of the master and others having charge of ships and vessels to accommodate each other in their respective situations, and if any master or any person having charge of any vessel, canal boat, barge or lighter, shall refuse or neglect to remove his vessel, canal boat, barge or lighter when ordered to do so by the captain of the port, or by the harbor-master, or shall resist or forcibly oppose said officers in the discharge of their duties, such master or person so refusing, neglecting, resisting or opposing, shall for every such offense, forfeit and pay the sum of fifty dollars, to be recovered with costs of suit by and in the name of the captain of the port, before any court having cognizance thereof.

It was held by this court, in *Adams* agt. *Farmer* (1 *E. D. Smith*, 588), under an act similiar to the one in question, that the power given by the statute to harbor-masters is general in character and not limited to cases where other vessels require to be immediately accommodated in receiving or dis-

Cole agt. Mahoney.

charging cargoes. That a harbor-master should have power to act summarily is evident from the language of the statute. His duty in this respect may be considered a necessary police regulation. If in any or every case the validity of his action should first be tried and determined by a jury, the very object of the statute might be defeated on account of the delay incident to such litigation. The statute contemplates prompt and decisive action, in the cases for which it provides, by the officer intrusted with the performance of its duties. If he shall exceed or abuse his authority he is amenable to the law like any other public officer. The statute gives him jurisdiction and requires him to decide upon the very facts which the appellant contends should have been submitted to the jury (*Cole* agt. *Kelly*, 1 *City Ct. R.*, 400).

I have not overlooked the case of *Hoeft* agt. *Seaman* (38 *Superior Ct. Rep.*, 62). The special term of that court sustained an injunction *pendente lite* upon the ground that it did not appear that there was any impending necessity or application for the immediate use of the pier where the floating bath was located by written permission of the department of docks. Assuming, as the court held, that harbor-masters are officers of limited jurisdiction, and can only exercise such powers as are expressly given, yet in the case at bar the statute expressly says that such officers may remove vessels not employed, &c., and make room for others, and shall have power to determine the fact of good faith as to receiving and discharging cargoes. There was no evidence of the exercise of any arbitrary power, but only that which the statute expressly conferred.

The repeal of the act of 1862 cannot affect the rights vested by a prior judgment without a saving clause to that effect (*Church* agt. *Rhodes*, 6 *How.*, 281 ; *Harting* agt. *The People*, 22 *N. Y.*, 95). The case last cited points out the distinction of the effect of an *ex post facto* law between a criminal proceeding upon a writ of error and a review upon an appeal of an action under the Code. In the latter case it was held that

the judgment reviewed was controlled by the law as it stood when such judgment was pronounced.

The other objections in the case do not appear to have been well taken, and the judgment should be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concur.