TURNER, Appellant, vs. LEATHEM and another, Respondents.

*March 23 — April 11, 1893.*

*Vacating judgment by default: Discretion.*

Under sec. 2832, R. S., the court may, in a proper case, relieve a party
from a judgment against him, within one year after notice thereof,
although more than a year has elapsed since the judgment was
rendered.

APPEAL from the Circuit Court for *Marinette* County.

On May 17, 1882, the six forty-acre tracts of land in
question were sold for taxes.   On April 30, 1886, the county
took tax deeds for said tracts on such sales, and on May 18,
1887, pursuant to a resolution of the county board, it con-
veyed said lands to the plaintiff by quitclaim deed, and the
same was recorded.   On August 15, 1888, the plaintiff com-
menced this action by service of summons alone, to quiet
title and bar the defendants from any right to the premises.
On October 1, 1888, judgment was entered in this action by
default, as prayed in the complaint.   On October 15, 1888,
the plaintiff conveyed said premises by quitclaim deed to
Leisen and Henes, in consideration of $350 by them paid.
On April 10, 1891, the said Leisen and Henes replevied a
quantity of logs or timber cut from said premises by or
under the authority of the defendants.   On June 1, 1891,
the defendants obtained an order to show cause, upon a
verified answer, affidavits, and the records in said action,

why such judgment should not be vacated and set aside, and the defendants allowed to answer the complaint therein upon the merits. Such order to show cause was returnable October 5, 1891. Upon the hearing of that motion, and on November 16, 1891, it was ordered by the court that said judgment be set aside and the defendants' proposed answer stand as the answer therein, with leave to the plaintiff or his successors in interest to serve notice of election to accept the deposit therein referred to. This order was made upon condition that said defendants pay to the plaintiff's attorneys $10 costs of said motion, and also pay to said Leisen and Henes, or their attorneys, the said sum of $350, with interest at seven per cent. per annum from October 15, 1888, plus such sums as said Leisen and Henes had paid for taxes levied upon said lands since said last-named date, with interest at seven per cent. from the dates of payment, less the sum of $95.87, deposited for said plaintiff with said answer, and also the taxable costs of this action, to be taxed by the clerk. From that order the plaintiff appeals.

For the appellant there were briefs by *Simpson & Scudder*, and oral argument by *H. T. Scudder*.

*W. H. Webster*, for the respondents.

CASSODAY, J. It appears from the record, in effect, that the defendants purchased and received conveyances of a large quantity of lands from one Baker, November 29, 1887; that such lands included the lands in question, for which they paid Baker $800; that in making such purchase Baker represented that the title to all of said lands was good, and that he would defend the same; that at the time the summons in this action was served upon the defendants there was also served upon them a summons in each of six other actions in favor of other parties, concerning other lands; that the defendants, relying upon said Baker's promise to defend such titles, thereupon delivered to said Baker all of

said summonses, including the one in this action; that said Baker thereupon retained an attorney at law to defend said several actions, and, as he supposed, delivered to him all of said summonses, and was advised by his said attorney that he had a good defense upon the merits to each and all of said actions; that said Baker then and there instructed his said attorney to take all necessary steps to successfully defend each and all of said actions; that, as it afterwards appeared, the said Baker, through some inadvertence or mistake, neglected to deliver to his said attorney the summons in this action, and hence judgment was taken therein by default.

It is contended with much vigor that the court had no power to relieve the defendants from the judgment after the expiration of the year. The court may, in its discretion, and upon such terms as may be just, at any time within one year *after notice thereof*, relieve a party from a judgment, order, or other proceeding against him, through his mistake, inadvertence, surprise, or excusable neglect. Sec. 2832, R. S.; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86, and cases there cited; *Wheeler & W. Mfg. Co. v. Monahan*, 63 Wis. 194; *Whereatt v. Ellis*, 70 Wis. 207. Here it appears that neither Baker nor either of the defendants learned of the action or judgment by default until some time after the commencement of the replevin suit mentioned in the foregoing statement, April 10, 1891, and just before proceedings were instituted to open such default. The case made was clearly within the discretion of the court, and the terms imposed appear to have been just to all parties. The order was made within one year after such notice, and hence there can be no question but that the court had power to make the same.

*By the Court.*— The order of the circuit court is affirmed.