Davison vs. Brown.

Davison, Respondent, vs. Brown, Appellant.

*March 30 — April 14, 1896.*

*Judgment: Entry pending motion for new trial: Appeal: Orders: Vested rights.*

1. Although the entry of judgment pending a motion for a new trial may be irregular and improper, yet the judgment is not for that reason void.
2. Under ch. 212, Laws of 1895, an order granting a new trial after judgment is not appealable.
3. The right to appeal from an order may be taken away by a statute enacted after such order is entered.

Appeal from an order of the circuit court for Dane county: R. G. Siebecker, Circuit Judge. *Dismissed.*

Action for the wrongful conversion of personal property. The facts are sufficiently stated in the opinion. The appeal is from an order granting a new trial.

For the appellant there was a brief by *Richmond & Smith*, and oral argument by *J. B. Smith*.

For the respondent there was a brief by *James M. Clancey* and *C. E. Whelan*, and oral argument by *Mr. Whelan*.

CASSODAY, C. J.    This action was commenced in the municipal court for Dane county to recover $150 damages for the wrongful and unlawful taking and converting of a threshing machine belonging to the plaintiff.    The defendant, by his answer, justified the taking and conversion as sheriff, under a judgment and execution against Johns & Farrington.    The plaintiff recovered judgment in the lower court, and the defendant appealed therefrom to the circuit court, where the cause was retried.    At the close of the trial, and on February 2, 1895, the jury returned a verdict in favor of the defendant of no cause of action.    Thereupon, and on the same day, the plaintiff's counsel moved the court, at the same term and upon the minutes thereof, to set aside the verdict and grant a new trial.    February 4, 1895, and before the determination of said motion, judgment was filed, entered, and docketed in favor of the defendant and against the plaintiff for $100.25, costs and disbursements as taxed and allowed.    Subsequently the plaintiff's counsel argued said motion before the court to set aside said verdict and for a new trial, which motion was heard by the court February 25, 1895, and during the same term.    Thereupon the court, by order, granted said motion for the reasons therein stated.    From that order the defendant gave notice of appeal to this court, June 24, 1895.

The motion to set aside the verdict and grant a new trial was made two days before the judgment was entered, but was not determined until twenty-one days after the entry and docketing of that judgment.    There is no pretense that the judgment was ever set aside, nor that there was any attempt to set it aside.    On the contrary, proceedings were

Davison vs. Brown.

.stayed thereon March 9, 1895, and the undertaking on this
.appeal recites that the judgment was duly entered. There
being no direction to the contrary by the court, the statute
contemplated the entry of the judgment immediately upon
the rendition of the verdict. R. S. sec. 2861. See the opin-
ion of Mr. Justice Pinney in *Wheeler v. Russell, post,* p. 135.
The appeal from such an order, under such circumstances,
is certainly anomalous in practice. At common law, the
taxing of costs and signing final judgment were considered
.as contemporaneous acts; and therefore the attendance of
the opposite attorney upon such taxation was holden to be
.an admission that the judgment was properly signed, and
so it could not afterwards be objected to as having been
signed too soon. 2 Tidd, Prac. 930. "Judgment," said
that learned author, "is the conclusion of law, upon facts
found or admitted by the parties, or upon their default, in
the course of the suit." *Ibid.* To enable a party to make
a motion for a new trial and have the full effect of it, it was
.generally necessary to obtain an order staying the proceed-
ings of the opposite party. 1 Burrill, Prac. 261, 467. The
early practice under the Code of New York required the
motion to be made before judgment. *Jackson v. Fassitt,* 33
Barb. 645; *Barnes v. Roberts,* 5 Bosw. 78; Haynes, New
Trial & App. § 3, and cases there cited. Where the moving
party delayed until after judgment, the practice was to move
to set aside the judgment as well as the verdict, and for a
new trial, and then only as a matter of favor. *Ibid.; Nash
.v. Wetmore,* 33 Barb. 155; *Barnes v. Roberts,* 5 Bosw. 73;
*Gurney v. Smithson,* 7 Bosw. 396; *Anderson v. Dickie,* 17
Abb. Pr. 83; *Whitney v. Karner,* 44 Wis. 566. This court
has held that the entry of judgment pending a stay of pro-
.ceedings on the part of the opposite party was a mere irreg-
ularity, and that the judgment was not void for that reason,
.even where it was entered by the clerk in vacation. *Egan
.v. Sengpiel,* 46 Wis. 703. Assuming that the entry of the

judgment pending the motion for a new trial, in the case at bar, was irregular and improper, yet the judgment cannot be regarded as void for that reason. *Ibid.; Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86. The case presented is not under sec. 2832, R. S. *Turner v. Leathem,* 84 Wis. 633.

It is at least very doubtful whether the order granting a new trial after judgment, in the case at bar, would have been appealable, even had ch. 212, Laws of 1895, never been enacted. However that may be, it was certainly not appealable after the passage of that law. Prior to the passage of that act, subd. 3, sec. 3069, R. S., expressly authorized an appeal from an order which granted or refused a new trial; but the very object of the chapter mentioned was to limit appeals, and for that purpose it intentionally omitted from that third subdivision the words "when it grants or refuses a new trial." True, the order in question was made some two months prior to the time when that act went into effect; but this appeal was not taken until more than two months after that enactment. The right to an appeal from such an order is purely statutory. There was no vested right therein. It may be taken away even pending an appeal therefrom. This has frequently been adjudged by this and other courts. *Dillon v. Linder,* 36 Wis. 344; *Farrell v. Drees,* 41 Wis. 186; *Rood v. C., M. & St. P. R. Co.* 43 Wis. 146; *Freiberg v. Singer,* 90 Wis. 608; *Ex parte McCardle,* 7 Wall. 506. We must hold that, at the time this appeal was taken, the order in question was not appealable.

*By the Court.*— The appeal is dismissed.