WEBB v. THE BRANDYWINE JUNCTION TURNPIKE COMPANY
ET AL.

TURNPIKE.—*Gravel Road.—Repeal of Laws.—Assessment.—Lien.—Remedy.*
—By the enactment of the act of March 13th, 1875, (Acts 1875, Reg. Sess.,
p. 80) repealing the act of May 14th, 1869, (3 Ind. Stat., p. 538) au-
thorizing the making and collection of assessments on lands, to aid in
the construction of plank, macadamized and gravel roads, not only the
remedy for enforcing the collection, but also the lien, of assessments
made for such purposes under the latter act, is taken away.

SAME.—*Assessors.—Authority.—Appointment.*—The act of March 11th, 1867,
(Acts 1867, Reg. Sess., p. 167) authorizing the assessment of lands to aid
in the construction of gravel roads, was repealed by the act of May 14th,
1869, (3 Ind. Stat., p. 538) in relation to the same subject, and, therefore,
assessors appointed under the former act could not, after the enactment
of the latter, without a reappointment, make either a valid assessment or
a correction of a former but defective one made by them.

SAME.—*Number of Assessors.*—Neither the act of March 11th, 1867, nor
that of May 14th, 1869, in relation to such assessments, authorized the
making of any such assessment, in any one proceeding, by more than
three assessors, and therefore any such assessment, made by more than
three assessors, was void.

SAME.—*Amending Report of Assessment.—By Whom Done.*—Where, under
such latter act, in making an assessment for the construction of a gravel
road, a portion of the lands subject thereto were omitted, the original
assessors only, and not partially or entirely different ones, could, under
the order of the proper county board, complete such assessment.

From the Shelby Circuit Court.

*O. J. Glessner, S. Major* and *A. Major,* for appellant.

*B. F. Love, T. W. Woollen* and *A. C. Downey & Sons,*
for appellees.

HOWK, J.—On the 1st day of August, 1871, the appel-
lant commenced this action against the appellees, in the
court below. The relief sought for by the appellant, in
his complaint, was to perpetually enjoin the appellees
from collecting any part of a supposed assessment on the
lands of appellant, made under the provisions of the act
authorizing the assessment of lands for plank, macadam-
ized and gravel road purposes, etc., approved May 14th,
1869, (3 Ind. Stat., p. 538) and from levying upon any

property of the appellant to satisfy the same, and for other proper relief.

The causes relied upon by appellant, in his complaint, for obtaining the desired relief, may be summarized as follows:

It was alleged, among other things, that the appellee Fountain G. Robertson, who was one of the assessors in making the assessment of benefits complained of by the appellant, at the time of his appointment as such assessor, was and ever since had been, and was then, the treasurer of said Shelby county; that on March 10th, 1869, the assessors of benefits met at the place appointed, and took the required oath, and afterwards, on the — day of ——, 1869, said assessors, without viewing or making a list of all the lands within one and one-half miles on either side of said proposed road, and within the same distance of either end thereof, made a list and an assessment of only part of the lands within said distance, and on June 10th, 1869, reported the same in writing to the county auditor; that appellant was a resident freeholder of said county, whose lands were within one and one-half miles of said proposed road; that by said assessment, there was assessed against appellant's lands the sum of six hundred and twenty-three dollars, a copy of which assessment against him was filed with his complaint; that certain lands, belonging to certain named persons, lying within one and one-half miles of said proposed road, a description of which was filed with the complaint, were omitted wholly from the said list and assessment of said assessors; that when said assessment was made and reported to said auditor, the line of said proposed road had not been permanently located, as required by law; that afterwards, on the — day of ——, 1869, said county auditor put upon the tax duplicate of said county, for 1869, one-sixth part of the assessment returned against appellant by said assessors, as a lien upon the lands so assessed, and on the — day of ——, 1870, said auditor put one-sixth part more

of said assessment on said duplicate, for 1870; that said duplicate was then in the hands of appellee Robertson, as treasurer of said county, who was threatening to enforce the collection of said assessment, as other taxes against real estate were collected upon default of payment; and appellant averred, that said assessment, and the proceedings of said board of commissioners authorizing the same, were void, for the following reasons:

1st. Because said order of said board did not show that said company was a duly organized corporation, under the act authorizing the construction of plank, macadamized and gravel roads, approved May 12th, 1852; nor did the petition of said company to said board, or said order, show under what act, if any, said company was attempted to be organized, or that said company was organized to construct or own a plank, macadamized, gravel, clay or dirt road, or for what purpose it was organized; nor did said petition, or the finding or order of said board, show that said proposed road, or any part thereof, was located within Shelby county, Indiana, or that the lands, within one and one-half miles of the line of said road, were situated in said county and State: and therefore said board of commissioners had no jurisdiction to grant the relief prayed for in said petition, or to appoint assessors to make said assessment:

2d. Because said order of said board did not show that said assessors were disinterested freeholders of said county, and because said Robertson, when he made said assessment, was the authorized and acting treasurer of said county:

3d. Because said company did not permanently locate the line of said road, previous to the making and reporting of said assessment:

4th. Because said assessors failed and refused to properly discharge their duties, in omitting to view and make a list of all the lands, within one and one-half miles of either side, or either end of said proposed road: and,

5th.  Because said assessment list was vague and uncertain as to the description of lands, and did not show that it contained all the lands within the limits prescribed by law, or that the assessors viewed any of the lands they assessed, or that the lands they assessed were situate in said county, nor did it sufficiently show for what road said benefits were assessed.

The complaint was duly verified by appellant, and a temporary restraining order was made thereon, until the further order of the court below.  At the April term, 1872, appellee The Brandywine Junction Turnpike Company answered the complaint, and a change of venue was then granted from the regular judge of the court below.  Owing, apparently, to the difficulty of getting another judge, no further steps were taken in the cause until in April, 1873, when a special term of the court below, for the trial of this cause, was held by the judge of the ninth judicial circuit.  At which time, the appellees filed what was termed a second additional paragraph of their answer to appellant's complaint, except as to the costs then accrued.

In this answer, appellees said, in substance, that they admit the organization of said turnpike company, under the said corporate name, the petition to and order of the board of commissioners of said county appointing said assessors, their qualification and assessment, and the placing of said assessment on the tax duplicate and in the hands of the treasurer of said county for collection, as shown in the exhibits filed with the complaint,—except that they aver, that the lands marked " No benefits " were viewed and listed by said assessors, and that said assessors determined on such view that no benefits would result to such lands from the construction and maintenance of said road, and so reported in and by said words, " No benefits; " but the appellees say, that said road was, at the time said assessment was made, and ever since has been, located wholly in Shelby county, Indiana; that there

were no lands, in said county, within one and one-half miles of said road, on either side thereof, and within like distance of either end thereof, purposely omitted by said assessors in said assessment, or any partiality or favor shown in said assessment; that immediately after the return of the assessment list of said assessors, said turnpike company proceeded, upon the faith of said assessment and that the same would be paid at its maturity, to construct said road, and to borrow money with which to construct said road, and necessarily expended in such construction the sum of —— dollars, being more than the whole assets of said company from all sources, including said assessment; that of said indebtedness there is due and unpaid the sum of —— dollars; that all the moneys and means of said company have been exhausted in the construction of said road, except that portion of said assessment yet unpaid, being the sum of —— dollars, including the assessment the appellant seeks to enjoin the collection of in this suit; that said assessment was made by said assessors, as officers, appointed by the board of commissioners of said county, and not as the agents or employees of said company, and that said company in no way connived at, consented to, or procured said assessors to list, view or assess any lands in said county, within one and one-half miles of said road, but that afterwards, on the —— day of March, 1873, said board of commissioners, on the petition of said turnpike company, ordered the assessors of benefits to lands in said county, under the laws for the construction of plank, macadamized and gravel roads, to proceed, on April 3d, 1873, to list and view such omitted lands, and assess the benefits to such tracts of land, not included in said former assessment, that would result to each of said omitted tracts of land from the proper construction and maintenance of said road, and append such assessment, with their affidavit thereto attached that the same was just, fair and equitable, according to the best of their judgment and belief, to said

former assessment, and report the same in writing to the auditor of said county as of the date of said former assessment mentioned in plaintiff's complaint; and that before reporting the same to said auditor, they correct all defects in said former report and return of said former assessment, in the form and manner in which the same was made out on the face of the paper, and report the same thus corrected; that the auditor make such changes and additions in the tax duplicate for said turnpike company, as such report might render necessary; that Ithamar Davidson, Robert Hughes and Richard H. Bentley, the assessors of benefits to lands for said county, did, on said — day of April, 1873, after receiving the notice to make said assessment from said auditor, and after making the affidavit before said auditor, hereafter referred to, proceed to view and list the omitted lands within the bounds specified, and assess the amount of benefits to each omitted tract, that would result thereto from the proper construction of said road, and did make the correction in said former report of said assessment on the face thereof, specified in their report, and afterwards, on the — day of ——, 1873, reported the same, with their affidavit thereto attached, sworn to before said auditor, that said report and assessment thereto attached, together with the original assessment attached to said report, corrected as in said report specified, constitute a fair, just, correct and equitable assessment of the amount of benefits that would result to each tract of land within one and one-half miles on either side of said road, and within like distance of either end thereof, in said county; that said original assessment, as corrected in said attached report, together with said report of assessment of the omitted lands by them made and reported, embrace all the lands within one and one-half miles of said road, as located, on each side thereof, and within like distance from either end thereof; that said assessment, so made and reported, was correct, just, fair and equitable, according to the best of their

judgment, as a *nunc pro tunc* assessment as of the date of said former assessment, and as a part thereof; and a copy of said petition, order of the board of commissioners, the affidavits of the assessors before and after their assessment and corrections, and of the report of their assessment and their corrections of the former assessment, duly certified by the auditor, was filed with and made part of said paragraph of answer. And the appellees averred, that after said report was filed by said assessors in the auditor's office, to wit, on the — day of ——, 1873, said auditor gave notice by publication, in a weekly newspaper of general circulation in said county, that said assessors, on the — day of ——, 1873, would meet at said auditor's office, and there act as a board of equalization on said supplemental assessment; that pursuant to such notice, said assessors did meet and sit as such board to equalize said assessment, and no complaint was made against, and no change was made in, said supplemental assessment; and a copy of all said supplemental proceedings was made part of said paragraph of answer. And it was then averred, that the assessors of benefits, in the original assessment, viewed all the lands within the limits prescribed by law, as returned in said original assessment; and that all the omitted tracts of land, mentioned in appellant's complaint, in said Shelby county, within the prescribed limits, are contained in said corrected and supplemental assessment; that said assessors have viewed and listed all said lands, and assessed the benefits to each tract benefited, as shown by their said report; that prior to the original assessment, the said company had located its road, where it was then, and was in process of completion on the route so located; and that said assessors, in making the said supplemental assessment, corrected each and every alleged error, as specified in appellant's complaint as a ground of objection against the original assessment, which constituted any ground or cause whatever for an injunction against said original assessment, as the same appeared fully corrected

in said supplemental assessment. This paragraph closed with a demand for judgment for all further costs, that the temporary restraining order be dissolved and the complaint dismissed, and that said assessment, as to appellant, be ratified and confirmed, and held valid, and other proper relief.

Appellant demurred to this second paragraph of. appellees' answer, upon the ground that it did not state facts sufficient to constitute a defence to appellant's cause of action. This demurrer was overruled by the court below, and to this decision appellant excepted, and, refusing to plead further, judgment was rendered upon the demurrer, in favor of appellees and against appellant, for the costs of the action.

In this court appellant has assigned as error the overruling of his demurrer to the second paragraph of appellees' answer.

Since the decision of this cause, in the court below, and during its pendency in this court, appellant has obtained the relief sought for in this action in another mode, and by the action of another branch of our State government; that is, the appellees have been virtually enjoined, conclusively and perpetually, from collecting any part of the assessment on appellant's lands, mentioned in his complaint, by the action of the General Assembly of this State, in repealing the act of May 14th, 1869, under which said assessment was made, by a repealing act approved March 13th, 1875. Acts 1875, Reg. Sess., p. 80.

The effect of this repealing act upon uncollected assessments of lands for plank, macadamized and gravel roads, was fully considered and decided by this court in the case of *The Marion Township Gravel Road Co.* v. *Sleeth, Treasurer*, 53 Ind. 35. In that case, which was an application by the appellant, to the lower court, for a mandate to compel the appellee to collect certain assessments in favor of appellant, which had been duly placed upon the tax duplicate, an alternative writ of mandate had been

issued, requiring the appellee to show cause why the mandate should not be made peremptory. To this alternative writ appellee made return, alleging and insisting that as the statute, authorizing the making and collection of such assessments, had been repealed, he was not authorized by law to collect said assessments. On demurrer thereto, this return was held good and sufficient, and judgment was rendered thereon for appellee, and, upon appeal to this court, the judgment of the lower court was affirmed. After citing a large number of authorities, *pro* and *con*, this court said : " Upon a careful examination of these authorities we are forced to the conclusion that by the repeal of the statute authorizing the making of the assessments and the collection thereof, not only the remedy for the collection of the assessments, but also the lien or right itself, is taken away. We think this was the result contemplated by the legislature, or they would have inserted in the act a clause saving the right to collect assessments in such cases." This case was approved and followed in the case of *Bradley* v. *The Brandywine, etc., Turnpike Co.*, 53 Ind. 70.

It follows, therefore, that the subject-matter of the controversy in this cause is effectually settled and disposed of; and the only question remaining in the case for our consideration and decision is, the sufficiency of the facts stated in the second paragraph of the answer to constitute a defence to the action. It is merely a question as to the sufficiency of the answer, as a matter of good pleading, without regard to the merits of the action.

As we understand the averments of the second paragraph of appellees' answer, it is thereby admitted that the objections stated in appellant's complaint to the original assessment, or at least some of them, were well taken, and that without some curative action being first had by the proper authorities, obviating those objections, the appellant would be entitled to the relief prayed for in his

complaint. Therefore it was found necessary, not only that there should be a supplemental assessment of the lands omitted by mistake or oversight from the original assessment, but also that the latter, itself, should be corrected in some important particulars, before any successful defence could be made to appellant's action. With this view the proceedings were had by the board of commissioners and the assessors of benefits of Shelby county, which resulted in the *nunc pro tunc* or supplemental assessment, relied upon by appellees as a bar to the action, except as to costs then made. It may be remarked, parenthetically, that these supplemental proceedings were all had about twenty months after the commencement and during the pendency of this action.

The question now arises, and this is the only question left in the case, were the *nunc pro tunc* or supplemental proceedings, described in the second paragraph of appellees' answer, sufficient, under the law as it then stood, to defeat the cause of action, which appellant confessedly had at the commencement of his suit?

In the case of *The Sand Creek Turnpike Co.* v. *Robbins*, 41 Ind. 79, it was held, by this court, that, upon the discovery of the fact, that any lands liable to be assessed for a turnpike road had been omitted from an assessment, the county commissioners might, of their own motion, or at the instance of any one interested, order the original assessors to proceed to view, list and assess all lands, if any, omitted in their former assessment report; and it was further held, that when such omissions were corrected, such completed assessment might be set up as a defence to the further prosecution of a pending suit to enjoin the collection of the assessment, because of such irregularity.

But the case cited is very different from the one now before this court. In that case, when it became manifest that the assessors of benefits, when they filed their assessment report, had not viewed, listed and assessed all the

lands within the distance fixed by law of the road in question, the county commissioners simply ordered the same assessors to reassemble and to proceed to complete their assessment, as they ought to have done in the first instance; and when the assessment was thus completed and filed, there was but one assessment, made as the law contemplated it should be made, by three disinterested freeholders of the county, for that purpose lawfully appointed by the proper authority.

In the case at bar, however, if the two assessments, mentioned in appellees' second paragraph of answer as the original assessment and the *nunc pro tunc* or supplemental assessment, are to be considered as but one complete assessment, and they must be so considered to make them available to appellees for the purpose of their defence, we are then met with this difficulty,—we have one complete assessment, made, however, by disinterested freeholders of the county to the number of five, which was an unknown quantity under the law then in force authorizing the making of such assessments. If, on the other hand, the two assessments are to be regarded as separate and distinct assessments, then each of them was imperfect, and unauthorized by the law under which it was intended and attempted to be made.

We hold, therefore, that the facts stated in the second paragraph of appellees' answer were not sufficient to constitute a defence to appellant's action, and that the court below erred in overruling appellant's demurrer to said paragraph of answer.

Judgment reversed, at the costs of the appellees, and cause remanded, with instructions to the court below to sustain appellant's demurrer to the second paragraph of appellees' answer, and for further proceedings.

ON PETITION FOR A REHEARING.

HOWK, J.—The judgment of the court below, in this cause, was reversed by this court, on the 20th day of February, 1877. On the 19th day of the following April the appellees presented to this court a petition for a rehearing of the cause, in the conclusion of which petition was this request: .

"It is respectfully asked that a reasonable time may be allowed, before the court shall act upon this petition, within which the original counsel in this cause may file a brief more fully presenting their views on the questions made."

In compliance with this request, we have now allowed two full months, which we regard as a reasonable time, for the filing of such a brief; but no brief has been filed, and we presume now that none will be filed. We will therefore briefly consider and decide the two points made in appellees' petition.

1st. In the original opinion, some complaint was indulged in, at the apparently useless labor which the decision of this cause imposed upon this court, when the Legislature had, as stated in the opinion, interposed a complete and, as it then seemed, a perpetual bar to the collection of the assessments of which the appellant complained. In what we thus and there said, it certainly was not intended to assign the legislative act as a reason for our decision of this cause. By no fair construction could any such inference be drawn from what we there said; but to remove even the shadow of a doubt as to the construction of the language used, we make this explanation.

2d. The second ground for a rehearing, assigned by the appellees, presents a very different question. In the original opinion, we held, that if the two assessments, mentioned in the record of this cause, constituted but one assessment, then it was an assessment made by five different assessors, being two more assessors than the law under

which it was made contemplated or provided for, and that if, on the other hand, the two assessments were to be regarded as separate and distinct assessments, then each of them was imperfect and unauthorized by the law under which it was intended and attempted to be made. We find nothing in appellees' petition for a rehearing, which convinces us that we were in error as to either one of these propositions. It is suggested by appellees' counsel, that if this court should adhere to the first proposition, " Then, in many cases, no amendment can be made, for the reason that the persons who made the first assessment have gone out of office, removed, died or become disqualified." There would be more force, perhaps, in this argument, if it had been addressed to the law-making power, than addressed, as it is, to this court. It is not our province to make laws, but only to administer the law as made. Our proposition was, and we see no cause to change it, that the law, as it was written, made no provision whatever for an assessment by five, or any more than three, assessors.

Appellees' argument, in their petition for a rehearing, has suggested to us, however, another and perhaps stronger and more conclusive reason why the assessment or assessments in this case can not be upheld as legal and valid. The first assessment was made by three assessors, who were appointed as such by the board of commissioners of Shelby county, at its March term, 1869, under the gravel road law of March 11th, 1867. (Acts 1867, Reg. Sess., p. 167) This law was absolutely repealed by the gravel road law of May 14th, 1869. (3 Ind. Stat. 538) This latter law took effect on said last named day, and it contained no saving clause continuing in office the assessors appointed under the former law. Their functions as assessors, therefore, absolutely ceased on said 14th day of May, 1869. They assumed, however, to act as such assessors, and on the 10th day of June, 1869, without any reappointment as assessors, they reported said first assess-

ment to said board of commissioners. In our opinion, this first assessment, thus made, was wholly unauthorized by law, and was therefore null and void. The second assessment was solely made for the purpose of supplying omissions in the first assessment, and was therefore imperfect and of no validity. And for these reasons, the second paragraph of appellees' answer constituted no defence whatever to appellant's action.

The appellees' petition for a rehearing of this cause is therefore overruled.

The opinion on the petition for a rehearing was filed at the May term, 1877.