The State, *ex rel.* The Monroe Gravel Road Co., *v.* Stout, Auditor.

---

THE STATE, EX REL. THE MONROE GRAVEL ROAD CO., *v.* STOUT, AUDITOR.

61  143
158  339

TURNPIKE.— *Constitutional Law.—Act Reviving Rights Under Repealed Statute.* —The act of March 2d, 1877, Acts 1877, Reg. Sess., p. 72, in relation to gravel roads, etc., is constitutional, and repeals the act of March 13th, 1875, Acts 1875, Reg. Sess., p. 80, on the same subject, so far as the same relates to the act of May 14th, 1869, "authorizing the assessment of lands," etc., Acts 1869, Spec. Sess., p. 73.

SAME.— *Mandate.— County Auditor.— Compelling Collection of Assessments.—*By such act of March 2d, 1877, *supra*, the right to collect certain assessments made under the act of May 14th, 1869, *supra*, prior to March 13th, 1875, is revived, and the county auditor may be compelled, by mandate, in the cases specified, to place such assessments on the tax duplicate for collection.

SAME.— *Ministerial Duties.—*The duties of the county auditor, in such case, are purely ministerial and not judicial, he having no authority to determine as to whether or not such assessments are valid.

SAME.— *Questioning Validity of Assessments.—*The validity of such assessments can not be questioned until placed on the tax duplicate for collection.

The State, *ex rel.* The Monroe Gravel Road Co., *v.* Stout, Auditor.

SAME.—*Suit by Corporation.*—*Pleading.*—In an action for such purpose by a gravel road company, it is not necessary for the complaint to allege every fact necessary to its original organization.

SAME.—*Capacity to Sue.*—*Demurrer.*—*Practice.*—The capacity of a plaintiff to sue can not be tested by a demurrer questioning the sufficiency of the complaint.

From the Grant Circuit Court.

*J. Brownlee, H. Brownlee* and *G. W. Harvey,* for appellant.

*G. T. B. Carr, I. Van Devanter* and *J. W. Lacey,* for appellee.

BIDDLE, J.—Complaint by the State of Indiana, on the relation of " The Monroe Gravel Road Company," against Joseph W. Stout, auditor of Grant county, for a writ of mandate requiring the auditor to place certain assessments upon lands, in favor of the relator, upon the tax duplicate, for collection.

A demurrer, alleging the insufficiency of the facts stated to authorize the writ, was sustained to the complaint, and judgment rendered against appellant.

The proper exceptions were taken, and the cause appealed to this court.

No objection is made to the sufficiency of the averments in the complaint, but the court held it insufficient because the law authorizing the collection of the assessments was unconstitutional, and therefore void.

By the act approved March 13th, 1875, Acts 1875, Reg. Sess., p. 80, the Legislature repealed all previous laws " authorizing an assessment or collection of any tax or assessment for the construction of any plank, macadamized, or gravel road purposes in this State."

It was held, that this act was constitutional, and prevented any further collections of such assessments. *The Marion Township Gravel Road Co.* v. *Sleeth,* 53 Ind. 35.

By the act of March 2d, 1877, Acts 1877, Reg. Sess., p. 72, the act of March 13th, 1875, was repealed, so far as

The State, *ex rel.* The Monroe Gravel Road Co., *v.* Stout, Auditor.

it affected the act of May 14th, 1869, Acts 1869, Spec. Sess., p. 73, under which the assessments in controversy were made; and the last named act was revived for certain purposes, and so far as assessments were made before the 13th day of March, 1875, and when the directors of the company, on their faith in such assessments, had incurred pecuniary liabilities upon contract, and when the roads were held and owned by a majority of the original stockholders, when the act took effect. In such cases the act of 1877 makes it the duty of the county auditor to place such uncollected assessments on the tax duplicates, as provided by the act of May 14th, 1869; and it then becomes the duty of the county treasurer to collect the same according to the last mentioned act. Stated more briefly: The act of March 13th, 1875, took away the right to collect such assessments made before its passage; the act of March 2d, 1877, restored the right to collect such assessments according to the act of May 14th, 1869, upon certain conditions mentioned in the act of March 2d, 1877, and which are averred in the complaint.

We do not see any thing unconstitutional in the latest act; on the contrary, it appears to us to be highly commendable legislation.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings according to this opinion.

## ON PETITION FOR A REHEARING.

BIDDLE, J.—The only question presented by this record arises on sustaining a demurrer to the complaint, upon the ground that the facts averred are insufficient to constitute a cause of action.

The appellee filed no brief upon the hearing of the

cause, but, after the reversal of the judgment, he comes before us with a long petition for a rehearing, a large part of which is devoted to the second statutory cause of demurrer, as well as we can understand his views, namely, that the appellant has not the legal capacity to sue. There is no such question presented by the record. The demurrer to the complaint is founded on the fifth statutory cause, namely, that the complaint does not state facts sufficient to constitute a cause of action.

In a suit by a corporation, the pleader is not required to allege in his complaint every fact necessary to the existence of the corporation, either generally or specifically, by showing the facts necessary to its original organization. *Harris* v. *The Muskingum Manufacturing Co.*, 4 Blackf. 267; *Richardson* v. *The St. Joseph Iron Co.*, 5 Blackf. 146; *Heaston* v. *The Cincinnati and Fort Wayne R. R. Co.*, 16 Ind. 275.

It is insisted also, that the demand on the appellee as auditor, to place the assessment upon the tax duplicate, is insufficiently alleged, because it does not state the various steps necessary to the validity of the assessments originally made. The auditor is not the tribunal to decide upon the validity or invalidity of the assessments. His duties are ministerial. Neither the corporation nor the persons assessed can raise any question as to their validity, unless the auditor will first place them upon the tax duplicate for collection. The demand upon the auditor, as stated in the petition, which is made part of the complaint, is specific, certain and sufficient.

The appellee also vigorously attacks the various statutes upon which the rights claimed by the appellant are founded, as being unconstitutional. As early as the case of *Turpin* v. *The Eagle Creek, etc., Gravel Road Co.*, 48 Ind. 45, the constitutionality of the statutes authorizing such assessments was declared to be no longer an open question, and their validity has been frequently recognized

since by this court. We therefore give the question no further consideration.

The appellee also complains of the conduct of the appellant's counsel in managing the case in the court below. No such question is presented by the record, nor does the record show any such misconduct; it therefore can not be complained of in this court.

The petition for a rehearing is overruled.