THE MARION AND MONROE GRAVEL ROAD CO. ET AL. *v.* McCLURE ET AL.

GRAVEL ROAD ASSESSMENTS.—*Repealing Act of 1875.—Effect of Reviving Act of 1877.*—By the act of March 13th, 1875, Acts 1875, Reg. Sess., p. 80, all laws authorizing an assessment, or the collection thereof, for plank, macadamized or gravel road purposes in this State were repealed, and, therefore, assessments theretofore made under any previous act could not be collected while that act remained in force; but by the act of March 2d, 1877, Acts 1877, Reg. Sess., p. 72, the act of 1875 was modified to the extent that valid assessments, which had been made and placed upon the tax duplicate prior to March 13th, 1875, under the provisions of the act of May 14th, 1869, Acts 1869, Spec. Sess., p. 73, were authorized to be collected, in cases where the corporations had contracted debts on the faith of the assessments, and for that purpose, and to that extent only, said act of 1869 was revived.

SAME.—*Curative Act.*—Said act of 1877 was not intended to act as a curative statute, and does not authorize the collection of assessments which were void for non-compliance with the statute under which they were made.

SAME.—*Injunction.—Estoppel.—Pleading.—Notice.*—In a suit to enjoin the collection of certain void gravel road assessments, made more than two years prior to the passage of said act of 1875, an answer was filed setting up, by way of estoppel, that such assessments had been upon the tax duplicate for more than two years prior to the passage of said act of 1875, and that the plaintiffs, during that time, had instituted no proceedings to contest their validity, but had stood by and seen the defendant, during said time, perform work and contract debts upon the faith of such assessments, but it

did not allege that the plaintiffs, during said time, had any notice of the facts rendering such assessments void.

*Held*, on demurrer, that the answer is insufficient.

From the Grant Circuit Court.

*G. W. Harvey, A. E. Steele, J. Brownlee* and *H. Brownlee,* for appellants.

*G. T. B. Carr, I. VanDevanter* and *J. W. Lacey,* for appellees.

WORDEN, C. J.—This was an action by Samuel McClure and numerous others, against the above named gravel road company and John P. Campbell, treasurer of Grant county, to enjoin the collection of certain assessments made in aid of the gravel road company.

The defendants answered in four paragraphs, the first of which was the general denial, and the second, third and fourth were of an affirmative character. Demurrers for want of sufficient facts were sustained to each of the affirmative paragraphs of answer, and exceptions taken. The defendants withdrew the general denial, and there was judgment for the plaintiffs, enjoining the collection of the assessments.

Error is assigned upon the rulings of the court upon the demurrers above mentioned.

It will not be necessary to an understanding of the questions involved that we should extend this opinion by setting out the complaint. It will be sufficient to state that the assessments are alleged to have been made in 1872, and numerous departures from the requirements of the statute, the act of 1869, in making the assessments, are alleged, which render the assessments void. Indeed, it is not disputed that the complaint was good.

Nor need we set out the second and third paragraphs of the answer, which were clearly not good, and are not seriously claimed to have been good by the counsel for the appellants, as we understand their brief, unless the act of

1877, to be hereinafter noticed, shall be held to be curative of the defects in the assessments.

The fourth paragraph of the answer is as follows:

" For a fourth answer to the plaintiffs' complaint, the defendants say that the assessment of benefits to all lands within one and one-half miles of either side of said company's road, and within a like distance of either end of the same, procured to be made in favor of said company, and the collection of which the said plaintiffs seek to enjoin in this suit, was made by appraisers duly appointed by the board of commissioners of said county to assess the benefits to all such lands, upon a petition to said board of commissioners presented by the directors of said company, as required by the law, under and by virtue of which said company was organized, as set forth in the plaintiffs' complaint. That said assessment in favor of said company was made and given to the auditor of said county, who placed the same upon the tax duplicate for the year 1873, on the 15th day of January, 1873, and delivered to the treasurer of said county, on the 1st day of February, 1873, and that the tax duplicate containing the said assessment remained in the hands of said treasurer of said county, for collection, from said date until the 13th day of March, 1875, during all of which time the said treasurer was urging the collection of said assessment against the plaintiffs in this suit, and that said treasurer was threatening and about to collect said assessments, and that all of said plaintiffs knew that said assessments were placed upon the tax duplicate, and knew that said lands had been assessed with benefits resulting from the construction of said gravel road, and knew, at the time, that said treasurer was threatening and about to collect said assessments by distress and sale of property, and that said plaintiffs might have instituted proceedings at any time from the 1st day of November, 1872, to the 13th day of March, 1875, against said company, to enjoin the collection of said assessments, and that

said plaintiffs did not institute any proceedings to enjoin the collection of said assessments, or any part thereof, but wholly neglected and refused to institute any suit to prevent the collection thereof; that, during the years 1873 and 1874, the directors of said company made contracts for grading and grubbing five miles of said company's road; that, during the year 1873, the said directors contracted debts for work and labor and materials done and furnished in the construction of said road, on the faith and belief that said taxes would be collected and used in defraying the expenses of constructing said road, to the amount of three thousand dollars, which said debt is still unpaid; that, during the year 1874, the said directors of said company contracted a debt of two thousand dollars for a like purpose, and with the expectation that the assessments would be collected and paid, and that said amount is still due and unpaid, and that the plaintiffs were duly apprised of all said facts, and during all said time stood by while said work was being prosecuted and made no objection, nor did they take or institute any proceedings to interfere with said proceedings, or give notice of their intention to do so; that, during all said time that said work was being done and said debts were being incurred, said plaintiffs and each of them knew that said taxes so assessed against their said lands were due and unpaid, and that the tax duplicate of said county containing said assessments was in the hands of the treasurer of said county, and that said treasurer was threatening to collect the same by seizure and sale of property; and they say that the uncollected taxes, so assessed against said plaintiffs, have been, by virtue and in pursuance of the act of the Legislature, approved March 2d, 1877, relating to the construction of gravel roads and reviving the act of May 14th, 1869, which was repealed by the act of the Legislature approved March 13th, 1875, declaring assessments upon lands for plank, macadamized and gravel road pur-

poses in certain cases to be valid and binding, and providing for the collection and application of the same, revived and made valid and binding and legalized; the said directors of said company having made and filed with the auditor of said county the necessary petition as required by said act, and the auditor having placed the same upon the tax duplicate of 1878. Wherefore the defendants say that the plaintiffs are estopped from bringing this suit and obtaining the relief demanded in their said complaint," etc.

By the act of March 13th, 1875, Acts 1875, Reg. Sess., p. 80, all laws authorizing an assessment, or the collection of any tax or assessment, for plank, macadamized or gravel road purposes in this State, were repealed. See the case of *The State, ex rel., v. Stout*, 61 Ind. 143.

Had there been no subsequent legislation on the subject, the assessments in question could not have been collected, however regular they may have been, and however strictly the law under which they were made had been complied with. It was the evident purpose of the Legislature to abandon the system of enforced assessments against property supposed to be benefited by the construction of such roads, to aid in their construction, even where uncollected assessments had been regularly made and placed upon the tax duplicate for collection. *The Marion Township Gravel Road Co. v. Sleeth*, 53 Ind. 35.

But by the act of March 2d, 1877, Acts 1877, Reg. Sess., p. 72, this legislative policy was, to a limited extent, modified, and assessments which had been made and placed upon the tax duplicate, prior to the repealing act of 1875, were, in certain cases where the corporations had contracted debts on the faith of the assessments, authorized to be collected. The act of 1877 "revived" the act of 1869, under which the assessments were made, for the purposes and to the extent therein provided for; and it was provided that where assessments had been made and placed

upon the tax duplicate prior to March 13th, 1875, "pursuant to the provisions of said act approved May 14th, 1869," the same might be collected in the cases and manner indicated.

Now, it is claimed by counsel for the appellants, that the act of 1877 operates as a *curative* statute, and renders valid assessments made prior to the repealing act of 1875, which were void or voidable for want of compliance with the provisions of the statute or statutes under which they were made. We, however, find nothing in the act that admits of such construction. There is nothing in the act that evinces such a legislative intent. The plain purpose of the act was to permit valid assessments, in the cases provided for, to be collected notwithstanding the repealing act of 1875, and not to validate and give life to assessments which were void, and which could not have been legally collected if the repealing act of 1875 had never been passed. Only such assessments are authorized to be collected as were made "pursuant to the provisions of said act approved May 14th, 1869." By this we understand that the assessments, in order to be rendered collectible, must have been made in accordance with, and not in contravention of, the provisions of said act of 1869.

We proceed to the fourth paragraph of the answer:

The counsel for the appellants urge that the matters alleged in this paragraph estop the plaintiffs to allege the invalidity of the assessments. Without considering whether the paragraph is otherwise good, we are of the opinion that it is fatally defective in the following particular: It does not appear from the paragraph that the plaintiffs, or either of them, from the time the assessments were placed upon the duplicate in 1873, up to the repealing act of 1875, and during the time the work was progressing and the debts being contracted, had any notice whatever of the facts alleged in the complaint, rendering.

the assessments void. They were guilty of no laches in not then instituting proceedings to contest the validity of the assessments, unless they had notice of the facts which would justify the contest, and can not, by such failure, be now estopped to make the contest. This we regard as well settled by the authorities. The *Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424. In *Maddy* v. *The Sulphur Springs, etc., Turnpike Co.*, 57 Ind. 148, it was held that a party who had given his note for an assessment in favor of a turnpike company, without notice of the invalidity of the assessment, might defend against the note on the ground of such invalidity. To the same effect is the case of *Parsons* v. *The Pendleton, etc., Turnpike Co.*, 59 Ind. 36. In *Long* v. *Anderson*, 62 Ind. 537, 543, this court said, Howk, J., speaking for the court, each of the paragraphs of answer was bad "for the reason that it was not alleged, in either of the said paragraphs, that the owner of said real estate was fully apprised of her legal rights, as such owner, to the saw-mill erected on said land, at the time she made the statements set up in each paragraph, which, it is claimed, would estop her from asserting her rights to said saw-mill."

There is no error in the record.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.