## COOK ET UX. *v.* FUSON.

MORTGAGE, FORECLOSURE OF.—*Conveyance.*—*Breach of Warranty.*—*Gravel Road Tax.*—*Lien.*—*Pleading.*—In a suit to foreclose a mortgage and for judgment upon a note secured thereby and given for part of the purchase-money of the real estate covered by said mortgage, a paragraph of answer by the defendant, setting up a breach of a covenant of warranty in the deed conveying such real estate to him, by reason of the alleged lien of a

Cook *et ux. v.* Fuson.

gravel road tax on the premises, and asking that the amount of such tax be deducted from the note, but not alleging that he had paid such tax or been in any way damaged, and not alleging facts showing such tax to be a valid and binding lien upon the property under the existing statutes upon the subject of such taxes, is insufficient.

SAME.—*Repealing Act of 1875.—Reviving Act of 1877.*—Where such conveyance was made after the enactment of 1875, repealing all gravel road laws, but the cause was tried after the enactment of 1877, reviving certain gravel road assessments, such an answer should aver facts showing that the assessment complained of comes within the latter statute.

SAME.—*Parol Agreement for Extension of Time of Payment.*—In such case, a second paragraph of answer setting up, in abatement of the action, a parol agreement, made after the execution of said note and mortgage, for an extension of the time of payment of the same, upon the promise of the defendant to pay such tax, but not showing that such tax was a valid lien upon the real estate, and not averring on the part of the defendant either performance of, or a willingness to perform, such parol agreement, is insufficient.

EVIDENCE.—Where the question as to whether or not a cellar is wet is in issue, the evidence of a witness who has never seen it, but who will testify, from the description of it given by other witnesses and from his knowledge of the condition of a cellar in a house at one time owned by him within a square of the cellar in question, that it can not be kept dry in wet weather, is not competent.

FRAUD.—*Failure to Complain.*—Where fraud is alleged as a defence to an action on a contract to pay money, the fact that the debtor never complained of the alleged fraud, in conversing with the creditor about the payment of the money, may be considered against the debtor.

From the Morgan Circuit Court.

*W. S. Shirley*, for appellants.

*G. A. Adams*, for appellee.

HOWK, J.—This was a suit by the appellee, against the appellants, to foreclose a certain mortgage executed by the latter to the former, and to collect the debt secured thereby. The mortgage was dated on the 22d day of March, 1875, and by its terms the appellants mortgaged and warranted to the appellee the real estate in Morgan county, Indiana, described as lot number four, in block number three, in the town of Mooresville, to secure the payment of two notes, of the same date, each in the sum of five

hundred dollars, executed by the appellant Thomas R. Cook, and payable to the appellee. In his complaint the appellee alleged that the said notes were due and unpaid, and copies thereof and of the mortgage were filed with said complaint.

To this complaint, the appellants answered in three paragraphs, in substance as follows:

1. They admitted the execution of the notes and mortgage in suit, but they averred that the same were executed to secure the payment of the purchase-money for the real estate described in said mortgage, which was sold by the appellee to the appellant Thomas R. Cook; that the appellee conveyed said real estate by a deed, with full covenants of warranty, a copy of which deed was filed with and made part of said answer; that, when said deed was so executed by appellee, there was a lien on said real estate, to wit, a gravel road tax, which was duly and legally assessed against said lot and had been placed on the tax duplicate, in the hands of the treasurer of said county, in the sum of $24.75, which the appellee refused to pay; and that the appellee was a non-resident of this State, and had no property in said county or State, subject to execution. Wherefore they asked that said tax be deducted from said notes or entered as a payment thereon.

2. They admitted the execution of said notes and mortgage, but they said that after the execution thereof, and before this suit was begun, they and the appellee made a new contract in relation thereto; that the consideration of said notes was a certain lot, situate in said county, which the appellee sold and by his deed, containing full covenants of warranty, conveyed to the appellants; that, at the time of said conveyance, there was a certain gravel road assessment, not due and unpaid, which constituted a lien upon said real estate; that in view of the appellee's liability and obligation to discharge said lien, when it should become due, the appellee agreed with the appel-

lants, that they should assume to pay and discharge said lien and acquit the appellee of any liability to discharge the same; and that, in consideration of the said agreement of the appellants, the appellee agreed to extend the time of payment of said mortgage and notes for the period of two years from and after the 25th day of December, 1876. Wherefore they said that the time for payment of said notes was extended, and that none of the said notes were yet due, and they demanded judgment for costs.

3. They admitted the execution of the notes and mortgage in suit, but they said that the notes were given in part for the purchase-money of the lot described in the mortgage, which lot was sold and conveyed by the appellee to the appellant Thomas R. Cook; and, by way of counter-claim, the said Thomas R. Cook said that the real estate in said mortgage described consisted of a house and lot in the town of Mooresville, in said county; that, just before the execution of the notes and mortgage, the said Thomas R. Cook was examining dwelling-houses in said town, for the purpose of buying a house and lot for his family residence; that he desired a house with a good dry cellar, as conducive to health; that the appellee, as the owner of the house and lot described in said mortgage, to induce said Thomas R. Cook to purchase the same, falsely and fraudulently represented to said Thomas R. Cook and his co-appellant and wife, Mary Cook, that the same was a healthy location, and its cellar was dry at all seasons, and not affected by rain or dampness; that the appellants had no knowledge of the healthy condition of said property, as to locality, etc., and although said Thomas R. Cook examined the same and said cellar, yet it was impossible, from the season of the year and the condition of the house and cellar, for him or any one, with the exercise of reasonable prudence, care and diligence, to tell whether or not the house and location were healthy and the cellar was dry; that the said Thomas R. Cook relied upon the ap-

pellee's representations of the healthy location and condition of said house, and of the dryness of the cellar, and was induced thereby to purchase the property for his home and family residence ; but the appellants averred that said lot was not a healthy location, and the said cellar was not a dry cellar, but in wet seasons and heavy rains the water accumulated and stood in said cellar and rendered the house damp and unhealthy ; that the appellee well knew said fact, and had, prior to his sale of the property to said Thomas R. Cook, pumped said water out of said cellar, and had fraudulently concealed the same from the appellants, and they had no knowledge that the house was unhealthy, and that water accumulated and stood in said cellar, prior to the execution of said notes and mortgage and the purchase of said house and lot ; that the appellants had been compelled to expend one hundred dollars in making a drain for said cellar ; and that the house and lot were not worth as much by five hundred dollars, because of the unhealthy condition thereof, and because of the water accumulating and standing in said cellar. Wherefore the appellants said they had been damaged in the sum of six hundred dollars, and they asked that said damages might be recouped from the notes in suit, and for other proper relief.

To each of said paragraphs of answer the appellee demurred for the alleged insufficiency of the facts therein, which demurrers were sustained as to the first and second paragraphs, and to these rulings the appellants excepted. The demurrer to the third paragraph of answer was overruled by the court, and to this third paragraph the appellee replied by a general denial thereof.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of one thousand dollars and fifty-two cents.

The appellants' motion for a new trial having been overruled, and their exception entered to this decision, judg-

ment was rendered by the court on the verdict, and for the foreclosure of the mortgage in suit, and the sale of the mortgaged premises, etc.

· The appellants have properly assigned, as errors, the following decisions of the court below :

1. In overruling their demurrer to appellee's complaint ;

2. In sustaining appellee's demurrers to the first and second paragraphs of their answer ; and,

3. In overruling their motion for a new trial.

1. In his brief of this cause in this court, the appellants' counsel admits the apparent sufficiency of appellee's complaint, and fails to point out any defect therein or objection thereto. The first alleged error is therefore waived.

2. The first paragraph of the appellants' answer was radically and fatally defective, on the appellee's demurrer thereto for the want of sufficient facts, from whatever stand-point it may be regarded. The paragraph sets up a gravel road tax of \$24.75, which, it was alleged, was a lien on the mortgaged premises, at the time the same were conveyed to the appellant Thomas R. Cook, by the appellee's warranty deed, and which the appellee had refused to pay ; and the appellants asked, that said tax might be deducted from the notes in suit, or entered as a payment thereon. They did not claim, in their answer, that they had paid this gravel road tax, or that they even intended to pay such tax, but they wanted credit for the amount thereof on their notes in suit. In argument, the appellants' counsel has frankly conceded, that "when the court below sustained the demurrer to this paragraph, * * * the act of the Legislature, making the gravel road tax a lien upon the land in question, had been repealed, and therefore it was no longer a lien upon the land." Acts 1875, Reg. Sess., p. 80. Counsel might have gone further and conceded, that at the date of the appellee's warranty deed

to the appellant Thomas R. Cook, to wit, on the 22d day of March, 1875, "the act of the Legislature, making the gravel road tax a lien upon the land in question, had been repealed, and therefore" the tax was *not* a lien upon the land, when the appellee, by his warranty deed, conveyed and warranted the title thereof to the appellant Thomas R. Cook. The repealing act referred to was approved on the 13th day of March, 1875 ; and, as it contained an emergency clause, it became a law in full force from and after its approval. As the gist of the first paragraph of the appellants' answer was the breach of the warranty in the appellee's deed, by reason of the alleged lien of the gravel road tax on the premises described in said deed, and as the law, making such tax a lien on said premises, had been absolutely and unconditionally repealed nine days before the execution of said deed by the appellee, it would seem to be a clear proposition, that the facts alleged in said paragraph did not show any breach of any of the covenants of warranty contained in said deed, and that, therefore, the appellee's demurrer to this paragraph of answer was correctly sustained.

It is suggested, however, by the appellants' counsel, that although the gravel road tax was not a lien upon the premises described in the appellee's deed to the appellant Thomas R. Cook, at the time the appellee's demurrer to the first paragraph of answer was sustained by the court, and although, for this reason, the decision of the court, on the demurrer, was probably correct at the time it was made, yet, as the Legislature, after such decision and before the final trial of this action, by an act approved March 2d, 1877, repealed the aforementioned repealing act of March 13th, 1875, and expressly revived the previous act, which made a gravel road tax a lien upon the lot or land against which it had been assessed, the decision of the court in sustaining the demurrer to the first paragraph of the answer, which was probably correct at the time it was

made, was by said act of March 2d, 1877, rendered so erroneous that, by reason of this ruling, this court must reverse the judgment of the court below. The appellants' counsel is mistaken as to a matter of fact, when he claims that the act of March 2d, 1877, was in force at the time of the trial of this action; for the record shows that the verdict was returned, and judgment thereon was rendered by the court, on the 21st day of February, 1877. The act of March 2d, 1877, contained an emergency clause, and therefore it became a law from and after its passage. It follows clearly from what we have said, that neither at the time of the execution of the appellee's deed to the appellant Thomas R. Cook, nor at any time afterward and before the rendition of the judgment by the court below, in this cause, was there any law in force, in this State, which made the gravel road tax, mentioned in the first paragraph of the appellants' answer, a lien upon the real estate described in said deed. Therefore, it can not be said that the gravel road tax, or the appellee's refusal to pay such tax, constituted in any sense a breach of any kind of any of the covenants of warranty contained in appellee's deed; and therefore we think that the court committed no error in sustaining the demurrer to the first paragraph of the appellants' answer.

If, indeed, the act of March 2d, 1877, had been in full force at the time the first paragraph of the answer was filed, the paragraph would have been bad, on the demurrer thereto for the want of sufficient facts, because the paragraph did not contain such allegations of fact, as would show that the gravel road tax therein mentioned was "valid and binding," under the provisions of said act. From the language of said act, it will be readily seen that it did not render "valid and binding" *all* gravel road taxes which had been duly and legally assessed, under the provisions of the act of March 14th, 1869. In that event, to have made the first paragraph of the answer sufficient on this

point, and to have shown that the said gravel road tax was a valid lien on the real estate described in appellee's deed, it should have been alleged in said paragraph that the gravel road in question was, on the 2d day of March, 1877, owned and held by a majority of the original stockholders of the gravel road company, and that the directors of the company had, upon their faith in the assessments made, etc., incurred pecuniary liabilities by contract, etc., in the construction of the road, or of some part thereof, or of a toll-house, or other necessary appurtenances thereto. Acts 1877, Reg. Sess., p. 80, sec. 2. Under the provisions of the statute, these allegations would have been necessary for the purpose of showing that the gravel road tax mentioned in the first paragraph of the answer came within the purview of the act of March 2d, 1877, and was therefore so revived as to be " valid and binding."

On general principles, and independent of the provisions of the statute, the first paragraph of the answer was also bad, on the demurrer thereto for the want of sufficient facts, because it was not alleged in said paragraph that the appellants, or either of them, had been endamaged in any manner, or to any extent, by reason of the alleged lien of the alleged gravel road tax, or that they, or either of them, had been subjected to any expense, or put to any inconvenience, on account of the alleged breach of any of the covenants of warranty contained in appellee's deed. *Estep* v. *Estep*, 23 Ind. 114; *Mahoney* v. *Robbins*, 49 Ind. 146; *Gillfillan* v. *Snow*, 51 Ind. 305.

From what we have said, it seems clear to us, that the facts alleged in the second paragraph of the answer were not sufficient to constitute any defence to the appellee's action. This paragraph counted upon an alleged parol agreement for the extension of the time of payment of the notes in suit, made and entered into after the execution of the notes and mortgage. On the face of the para-

graph, it appeared that the alleged agreement was a *nudum pactum*, on the part of the appellee, the supposed consideration therefor, as stated in the answer, having no existence whatever, either in law or in fact.   Besides, this paragraph was clearly insufficient for the reason that the appellants did not allege therein performance of, or even a willingness to perform, their part of the agreement, that they had acquitted, or were even ready and willing to acquit, the appellee of any liability to pay the said gravel road tax and discharge the alleged lien thereof.   The demurrer to the second paragraph of answer was, we think, correctly sustained.

3.   Under the alleged error of the court, in overruling the motion for a new trial, we will consider and decide such questions only as the appellants' counsel has directed our attention to and discussed, in his brief of this cause. It is earnestly insisted by counsel, that the court erred in the exclusion of certain evidence, offered on the trial by the appellants.   It appears from a bill of exceptions, properly in the record, that the appellants offered to prove on the trial by one Sylvester H. Dakin, a competent witness in their behalf, the following facts :   " That he once owned property, within a square of the house and lot in question ; that the water rose in the cellar ; that he tried to cement the sides and bottom so as to keep the water out, and tried every way to keep the water out, but the force of the water would finally break the cement and more enter the cellar, and what he did fully convinced him that the water could not be prevented from coming into the cellar ; and he had not been in the cellar in question nor seen it, but from the description given by the witnesses of the cellar in question he would say that the cellar could not be fixed so as to keep the water from rising in the cellar, during rainy and wet weather."   To this evidence the appellee's objections were sustained by the court, and to this ruling the appellants excepted.

There was no error, as it seems to us, in the exclusion of this evidence. The witness had not been in the cellar in controversy, had never seen it, and had no personal knowledge of or concerning it. The fact that he had at some uncertain time, in the near or remote past, owned property "within a square" of the appellants' house and lot, and that there had been a wet cellar in the property once owned by him, would not, we think, render what "he would say" competent evidence on the questions at issue in this case.

The appellants' counsel has also complained of the third instruction to the jury, given by the court at the appellee's request, as erroneous. This instruction reads as follows:

"If you find from the evidence, that defendant has, since June, 1875, and since he alleges that said water first rose in his cellar, had conversations with plaintiff or his agent about the payment of the balance of the purchase-money, and that, in said conversation, he said nothing about plaintiff's having falsely represented said property at the time he purchased the same, then you can consider that fact in weighing the testimony of defendant in this case, as to whether or not said representations were made."

We fail to see any error in this instruction. The only objection suggested by the appellants' counsel to this instruction is, that it is too imperative in its terms; but it does not seem so to us.

In our opinion, the court did not err in overruling the motion for a new trial.

The judgment is affirmed, at the appellants' costs.