Brown *et al. v.* Eagle Creek and Little White Lick Gravel Road Co. *et al.*

No. 7863.

BROWN ET AL. *v.* EAGLE CREEK AND LITTLE WHITE LICK GRAVEL ROAD COMPANY ET AL.

CONSTITUTIONAL LAW.—*Gravel Road Assessments.*—The act of March 2d, 1877, authorizing and validating gravel road assessments (Acts 1877, Reg. Sess., p. 72), is constitutional.

From the Hendricks Circuit Court.

*J. V. Hadley* and —— *Parker*, for appellants.

*L. M. Campbell*, for appellees.

HOWK, J.—This was a suit by the appellants against the appellees, the said gravel road company and the auditor and treasurer of Hendricks county, to perpetually enjoin the collection of certain assessments of benefits in aid of the construction of said company's road. The appellees' demurrer to the appellants' complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court; and, the appellants refusing to amend, judgment was rendered against them for appellees' costs.

From this judgment the appellants have appealed to this court, and have here assigned, as error, the sustaining of the demurrer to their complaint.

It is conceded by the appellants' counsel, in argument, that the only question presented for the decision of this court, by the record of this cause and the error assigned thereon, is the constitutionality of the act of March 2d, 1877, Acts 1877, Reg. Sess., p. 72, to repeal parts of the act of March 13th, 1875, repealing the act of May 14th, 1869, authorizing the assessment of lands for plank, macadamized and gravel road purposes, and reviving the said act of May 14th, 1869, and validating the assessments made thereunder, in certain cases, and providing for the collection and application thereof.

The appellants' counsel claim that the act in question is unconstitutional and void, and they have supported their position in an able and elaborate argument. But we can not re-

gard the question as an open one, as this court has repeatedly recognized the constitutionality and validity of the act under consideration. *The State* v. *Stout*, 61 Ind. 143; *The Marion, etc., Gravel Road Co.* v. *McClure*, 66 Ind. 468; *Cook* v. *Fuson*, 66 Ind. 521.

In our opinion, the act is not in conflict with any of the provisions of the constitution, and, therefore, the demurrer to the complaint was correctly sustained.

The judgment is affirmed, at the appellants' costs.