Searcy *et al. v.* The Patriot and Barkworks Turnpike Company *et al.*

No. 7582.

SEARCY ET AL. *v.* THE PATRIOT AND BARKWORKS TURNPIKE COMPANY ET AL.

GRAVEL ROAD.—*Assessments.*—*Constitutional Law.*—The act of March 2d, 1877, Acts 1877, Reg. Sess., p. 72, reviving the act of May 14th, 1869, and validating gravel road assessments made thereunder, in certain cases, is constitutional.

SAME.—*Illegal Assessments.*—*Act Not Curative.*—Said act of March 2d, 1877, is not curative in its provisions, and does not legalize or validate illegal or invalid assessments, but only such as had been made pursuant to the provisions of the gravel road act of May 14th, 1869.

SAME.—*Judgment Conclusive.—Legislative Power.—Injunction.*—The judgment of a court of competent jurisdiction, perpetually enjoining the collection of certain gravel road assessments, is binding and conclusive upon all the parties thereto until the same is set aside, annulled or reversed by due course of law; and it is not in the power of the General Assembly to set aside or dissolve such injunction, or to authorize the collection of the assessments which the court had declared to be illegal and invalid.

From the Switzerland Circuit Court.

*S. Carter,* for appellants.

*W. D. Ward* and *T. Livings,* for appellees.

HOWK, J.—In this case, the only question for decision in this court is this: Are the facts stated in the complaint of the appellants, the plaintiffs below, sufficient to constitute a cause of action in their favor and against the appellees?

The appellants' complaint, in this case, is so exceedingly long, that we will not attempt to give a summary even of all its allegations in this opinion. We will, however, state as briefly as we can the material and controlling facts, alleged in the complaint as constituting the appellants' supposed cause of action. This suit was commenced on the 31st day of October, 1878, in the court below, by the appellants, Stephen J. Searcy and Samuel Fisk, as plaintiffs, against the appellees, The Patriot and Barkworks Turnpike Company and Charles Robenstein as the treasurer of Switzerland county, Indiana, as defendants.

It appeared from the complaint in the case, that on the 9th day of October, 1873, the said Searcy and Fisk, and twenty-seven other named persons, had commenced a suit against the said turnpike company, and the then auditor and treasurer of said Switzerland county, in said court; the object of which said suit was, that certain assessments of benefits, made in August, 1870, against the plaintiffs therein, and their respective parcels of real estate, to aid in the construction of the road of said turnpike company, might be declared null and void, and clouds upon their respective titles which ought to be removed; and that the said auditor and treasurer of said

county, and their respective successors in office, as well as the said turnpike company, might be perpetually enjoined from collecting the said assessments of benefits. Afterwards, on the 25th day of January, 1876, the plaintiffs in said suit filed a second paragraph of complaint, alleging therein substantially the same facts, and praying in substance for the same relief as in the original complaint. On the 3d day of February, 1876, the issues joined in said suit were tried by the court below, and a finding was made for the plaintiffs therein, that the matters stated in their complaint, to the effect that all the lands lying within one and one-half miles of the line of said turnpike on either side thereof, and within a like distance of each terminus thereof, had not been assessed with the benefits resulting thereto from the construction of said road, were true, and that the plaintiffs were entitled to the relief prayed for. Thereupon, on the day last named, by its judgment and decree of that date, the court below perpetually enjoined and restrained the said turnpike company, and the said county treasurer and his successors in office, from collecting or attempting to collect the said assessments of benefits, against the plaintiffs in said suit or their lands respectively, and the said county auditor and his successors in office, from placing the said assessments of benefits, or any part thereof, on the tax duplicate of said county, against the plaintiffs or their lands respectively.

After stating at length the proceedings had in said former suit, the appellants, Searcy and Fisk, alleged in their complaint, in the case at bar, that they were the same Stephen Searcy and Samuel Fisk, who were plaintiffs in said former suit, and in whose favor a perpetual injunction had been granted as aforesaid, against the collection of said assessments of benefits in aid of the construction of the road of said turnpike company; that, after the rendition of said judgment and decree, the said turnpike company had procured the appellee Gill, auditor of said county, to make a duplicate of said assessments of benefits, certified under his hand and seal of office,

and to deliver the same to the appellee Robenstein, treasurer of said county, for collection; and that said Robenstein, as such treasurer, was then attempting to enforce the collection of said assessments of benefits. Wherefore the appellants asked that the said turnpike company, and the said Robenstein and his successors in office, should be forever enjoined from collecting any of the said assessments of benefits from the appellants, or either of them, or from their property; and that the said assessments, then on said duplicate against the appellants and their lands, should be declared and adjudged to be null and void, and for all other proper relief.

It is manifest, that the assessment of benefits, mentioned in the appellants' complaint, was attempted to be made under the provisions of the act of May 14th, 1869, authorizing the assessment of lands for plank, macadamized and gravel road purposes. Acts of 1869, Spec. Sess., p. 73; 3 Ind. Stat. p. 538. By an act approved March 13th, 1875, and declaring an emergency, the aforesaid act of May 14th, 1869, was unconditionally repealed. In *The Marion Township Gravel Road Co.* v. *Sleeth*, 53 Ind. 35, it was held, that, by the repeal of the statute authorizing the making of the assessments and the collection thereof, not only the remedy for the collection of the assessments, but also the lien, or right itself, was taken away. This case was approved and followed in the cases of *Bradley* v. *The Brandywine, etc., Turnpike Co.*, 53 Ind. 70; and *Webb* v. *The Brandywine, etc., Turnpike Co.*, 55 Ind. 441.

By an act approved March 2d, 1877, the said repealing act of March 13th, 1875, in so far as it repealed the aforesaid act of May 14th, 1869, was itself repealed and the latter act was revived to a certain extent and for certain expressed purposes. In *The State, ex rel.,* v. *Stout*, 61 Ind. 143, the aforesaid act of March 2d, 1877, was held to be a valid and constitutional enactment; and to the same effect are the following later decisions of this court: *The Marion, etc., G. R. Co.* v. *McClure*, 66 Ind. 468; *Cook* v. *Fuson*, 66 Ind. 521; and *Brown* v. *The Eagle Creek, etc., G. R. Co.*, 78 Ind. 421.

It will be seen from the allegations of the complaint in the case now before us, that in the former suit of the appellants and others against the said turnpike company and the auditor and treasurer of said county, notwithstanding the repeal of the act of May 14th, 1869, pending the litigation, the court below afterwards, on the 3d day of February, 1876, tried and determined said suit in favor of the appellants and their co-plaintiffs and against the said defendants therein. The ground of this decision, as stated in said complaint, was the invalidity and illegality of the said assessment of benefits.

It further appeared from said complaint, that, after the approval of the aforesaid act of March 2d, 1877, the said turnpike company procured the auditor of said county to prepare and certify a duplicate of said assessment of benefits, and to deliver the same to the treasurer of said county for collection; and that the appellee Robenstein, as such treasurer, was then attempting to enforce the collection of said assessment of benefits. We learn from the briefs of counsel, as well of the appellees as of the appellants, that this action was probably taken by the appellees, and by the auditor of said county, upon the theory that the aforesaid act of March 2d, 1877, is curative in its provisions, and that it legalized and validated the otherwise invalid and illegal assessment of benefits mentioned in the complaint. We are of the opinion, however, that this theory is erroneous and can not be maintained. This question was before this court and carefully considered in *The Marion, etc., G. R. Co.* v. *McClure, supra.* In delivering the opinion of the court in that case, WORDEN, C. J., said:

" Now, it is claimed by counsel for the appellants, that the act of 1877 operates as a *curative* statute, and renders valid assessments made prior to the repealing act of 1875, which were void or voidable for want of compliance with the provisions of the statute or statutes under which they were made. We, however, find nothing in the act that admits of such construction. There is nothing in the act that evinces such a legislative intent. The plain purpose of the act was to permit

valid assessments, in the cases provided for, to be collected notwithstanding the repealing act of 1875, and not to validate and give life to assessments which were void, and which could not have been legally collected if the repealing act of 1875 had never been passed. Only such assessments are authorized to be collected as were made 'pursuant to the provisions of said act approved May 14th, 1869.' By this we understand that the assessments, in order to be rendered collectible, must have been made in accordance with, and not in contravention of, the provisions of said act of 1869."

In the case at bar, the appellees' counsel place much stress upon the expression, in the act of March 2d, 1877, that "such assessments are hereby declared to be valid and binding;" and their argument is, that the expression implies that the assessments referred to were, prior to the passage of said act, invalid and of no binding force. This may be conceded, as it seems to us, without impairing in any manner the correctness of our construction of the provisions of said act. The phrase, "such assessments," manifestly refers to the assessments previously mentioned in the act, as made "pursuant to the provisions of said act, approved May 14th, 1869." Taken in connection with the context, we think, that by the expression quoted and relied upon by appellees' counsel, the General Assembly evidently intended to provide and declare that assessments made pursuant to the provisions of the act of May 14th, 1869, prior to March 13th, 1875, in the cases contemplated in the act of March 2d, 1877, should be valid and binding and collectible, notwithstanding the repeal of said act of May 14th, 1869, under which said assessments were made, by the aforesaid act of March 13th, 1875.

We have considered the questions in this case, as they arise under the statutes referred to, without reference to the binding character and conclusive force of the judgment and decree in the former suit between substantially the same parties, and in relation to the same subject-matter, stated at length in the appellants' complaint. Without any extended examina-

tion or discussion of the question, we may say generally that we are of the opinion that the appellees, and especially the turnpike company, were bound and concluded by the judgment and decree of the court below, in the former suit, from enforcing the collection of said assessment of benefits, or any part thereof, from the appellants and their co-plaintiffs, or either of them, or from the property of either of them, until such judgment and decree were set aside, annulled or reversed, by due course of law. It was not in the power of the General Assembly, while said judgment and decree remained in full force, to virtually dissolve and set aside the perpetual injunction thereby granted, and to authorize the collection from the appellants of the assessment of benefits, which a court of competent jurisdiction had declared to be illegal and invalid. *The Columbus, etc., R. W. Co.* v. *The Board, etc.*, 65 Ind. 427, on page 440, and cases cited.

Our conclusion is that the court erred in sustaining the appellees' demurrer to the appellants' complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule their demurrer to the appellants' complaint and for further proceedings not inconsistent with this opinion.